**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re TYRONE BEN JONES, | ) | Case No. 05-60552 |
| | ) | Chapter 7 |
| Debtor, | ) | |
| | ) | |
| | ) | |
| ANN MARIE EDMONDS, | ) | Adv. No. 05-06030A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE BEN JONES | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court by way of a complaint filed by Ann Marie Edmonds ("the Plaintiff") against the debtor Tyrone Ben Jones ("the Defendant") seeking a declaration that a certain debt incurred in connection with their divorce is non-dischargeable under 11 U.S.C. § 523(a)(15). This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core

1

proceeding. 28 U.S.C. § 157(b)(2)(A) & (I). Accordingly, this court may render a final judgment.

Judgment shall be entered for the Plaintiff.

*Facts*

The parties were married in 1977. The marriage produced two children, now approximately 16 and 21 years of age. The 21 year-old child is emancipated. The 16-year old child lives with the Plaintiff.

On October 8, 2003, a final decree of divorce was entered in the Circuit Court for the City of Lynchburg dissolving the marriage. Under the terms of the divorce decree, the Defendant was ordered to pay the Plaintiff $5,501.00, which amount represented one-half of the funds then on deposit in the Defendant's Individual Retirement Account at SunTrustBank.[1]

The Defendant has been employed as an engineer for about 32 years. His current gross monthly income is approximately $4,468.00 per month. The Plaintiff was employed as a proof reader for 10 years. She was last employed full time in 1996. Since the parties were divorced, the Plaintiff has sought full time employment, but her efforts were hindered in the summer of 2004 when she spent ten weeks in the hospital. Currently, the Plaintiff's only income is the alimony ($1,000.00 per month) and child support ($486.12 per month) that she receives from the Defendant.

On February 15, 2005, the Defendant filed a chapter 7 bankruptcy petition. On April 14, 2005, the Plaintiff filed the instant complaint objecting to the discharge of the debt arising from the obligation to pay the $5,501.00. On April 18, 2005, the Plaintiff served a summons and the complaint on the Defendant.

---

[1]    See Plaintiff's Exhibit 1, Final Divorce Decree, p. 3, ¶ 2.

*Discussion*

The Plaintiff asserts that the debt arising from the provision in the Divorce Decree ordering the Defendant to pay the Plaintiff $5,501.00 is non-dischargeable under 11 U.S.C. § 523(a)(15). That section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> . . .
> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless--
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

The burden is first on the plaintiff to come forward with evidence demonstrating that the debt in question is a debt incurred by the debtor in the course of a divorce or in connection with a separation agreement other than one for alimony, maintenance or support. She must also prove her case by a preponderance of the evidence. Cf. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991). v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991) (Holding that a plaintiff must prove the elements under 11 U.S.C. § 523(a)(6) by a preponderance of the evidence.)

Because subparagraphs (A) and (B) constitute affirmative defenses, the burden then shifts to the defendant to prove that he does not have the ability to pay the debt, or that discharging the

debt would result in a benefit to him that outweighs the detrimental consequences to the plaintiff. See In re Speaks, 193 B.R. 436 (Bankr. E.D. Va. 1995).  Also see, In re Anthony, 190 B.R. 429, 432, n. 3 (Bankr. N.D. Ala. 1995).  The two affirmative defenses are presented in the disjunctive. Fellner v. Fellner (In re Fellner), 256 B.R. 898, 903 (8th Cir. B.A.P. 2001).  The Defendant must prevail on only one of these affirmative defenses.  He must do so by a preponderance of the evidence.  Cf. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991). (Holding that a plaintiff must prove the elements under 11 U.S.C. § 523(a)(6) by a preponderance of the evidence.)

The debt is clearly a debt that was incurred by the Defendant (the debtor) in the course of a divorce and further was incurred in connection with a divorce decree.  The Defendant argues that the division of property inherent in the $5,501.00 award does not constitute a part of a property settlement.  The Defendant's semantic machination avails him nothing.  The issue is whether the debt was incurred in connection with a divorce, not whether it constituted a property settlement.  The Divorce Decree provides that "[Ms. Edmonds] shall be awarded a monetary award in the amount of $5,501.00 which plaintiff may satisfy by transferring to [Ms. Edmonds] 50% of the roll-over IRA in [Mr. Jones'] name valued at $11,002.00."[2]  There is simply no doubt that the debt was incurred in connection with a divorce.

Finally, the debt was not in nature of alimony, maintenance or support, a fact admitted by the Defendant at trial.  The Plaintiff has met her burden of demonstrating that the debt was incurred in the course of a divorce and did not constitute alimony, maintenance or support..

The burden, then, shifts to the Defendant to demonstrate that either (1) he does not have

---

[2] See Plaintiff's Exhibit 1, Final Divorce Decree, p. 3, ¶ 2.

4

the ability to pay the debt from his income or property not reasonably necessary to be expended for the maintenance or support of himself or his dependents, or (2) discharging such debt would result in a benefit to the Defendant that outweighs the detrimental consequences to the Plaintiff if the Defendant does not make the payment.

The first way that the Defendant may rebut the dischargeability of the debt is by proving that he does not have the ability to pay it without adversely affecting his ability to support himself and his dependents.  11 U.S.C. § 523(a)(15)(A).  This the Defendant cannot do.

The funds are currently in the Individual Retirement Account and the amount of the debt is only one-half of the funds in that account. While the Defendant may incur some penalty and tax obligations if he takes the funds directly from the account, he could pay the claim in full by doing so without liquidating any of his other assets.  He has not used the funds in the Individual Retirement Account for his support in the past.  Because his financial circumstances have not changed for the worse since the Final Divorce Decree was entered, the payment of some of the funds in the Individual Retirement Account to the Plaintiff will not affect his ability to support himself (and his wife) in the future.

Furthermore, the Defendant testified at trial that he made arrangements with SunTrust Bank after the entry of the Divorce Decree to have the funds transferred to the Plaintiff.  While, the Plaintiff testified that she never received any communications from either the Defendant or SunTrust Bank regarding a potential transfer of the funds, the Defendant's admission, in the absence of changed financial circumstances, strongly indicates that the Defendant intended to pay the disputed debt.  It may be fairly inferred from the Defendant's intention to pay the debt that he had the means to pay the debt at that time.

Nor has the Defendant asserted that he has experienced either a reduction in his income or an increase in his expenses since that time. Indeed, two changes in circumstances support a conclusion that the opposite is true. First, the debtor re-married after filing this bankruptcy cased. His new wife is currently employed.[3] At least part of her income may be used to pay the communal expenses of their home. The Defendant argues that this is not relevant. The Court disagrees. Bankruptcy courts often consider non-debtor spousal income when deciding whether a debtor has the ability to make certain payments. Such consideration is important during the chapter 13 plan confirmation process and during considerations of motions to dismiss under Section 707(b). In this case, the Defendant has the ability to pay the debt in question.

Second, the Plaintiff's alimony payments have been recently reduced from $1,200.00[4] per month to $1,000.00[5] per month and his child support payments have been reduced from about $522.19[6] per month to $486.12[7] per month. This total reduction of $236.07 should have reduced any stress on his personal budget.

Because the Defendant could have paid the $5,051.00 prior to filing his petition and because he has not incurred any subsequent detrimental changes in his financial circumstances, it must be concluded that the Defendant has the ability to pay the debt in question.

The second way that the defendant may rebut the dischargeability of the debt under

---

[3] Testimony was provided at trial that she earns $1,600.00 per month, although it is unclear whether that amount is her gross monthly income or her net monthly income.

[4] See Plaintiff's Exhibit 1, Final Divorce Decree, p. 3-4, ¶5.

[5] See Plaintiff's Exhibit #3, Order of Support (Civil).

[6] See Plaintiff's Exhibit 1, Final Divorce Decree, p. 4, ¶6.

[7] See Plaintiff's Exhibit #3, Order of Support (Civil).

section 523(a)(15) is by proving that discharging the debt would result in a benefit to him that outweighs the detriment to the plaintiff. 11 U.S.C. § 523(a)(15)(B).

The detriment to the Defendant may be considered in the context of a reduction in his current wealth, or in the context of a reduction in his income stream. Either consideration is proper. The Defendant possesses an interest in a General Electric Pension ("the Pension").[8] In October of 2003, the Circuit Court set the present value of Defendant's interest in the Pension at $25,720.00.[9] The Circuit Court awarded the entire Pension to the Defendant.[10] Thus, at the time of the entry of the Final Divorce Decree, the Circuit Court awarded the Plaintiff 15.17% of the present value of the Defendant's retirement funds.[11] Stated otherwise, the benefit to the debtor of discharging the obligation will be a 17.6 % increase in his retirement savings.[12] The Detriment to the Defendant is significant, but will not change his ability to meet his financial obligations as they come due.

On the other hand, the benefit to the Plaintiff of a $5,501.00 payment would be quite significant. She currently receives income of $1,486.12 per month.[13] Her expenses, which the court finds to be very reasonable, total $1,942.00.[14] The Plaintiff is currently attempting to

---

[8] See Debtor's Schedule B, Item 11.

[9] See Plaintiff's Exhibit 1, Final Divorce Decree, p. 2.

[10] Id., p. 3, ¶ 3.

[11] The percentage is calculated by dividing the payment by the total of the Defendant's current retirement funds. $5,501.00 / [$11,002.00 + $25,270.00] = 15.17 %.

[12] The percentage is calculated by dividing the payment amount by the amount of retirement funds that the Defendant would have if he made the payment. $5501.00 / [$25,720.00 + $5501.00] = 17.6%.

[13] See Plaintiff's Exhibit 3.

[14] See Plaintiff's Exhibit 4.

7

provide for herself and her daughter while incurring a deficit of $457.88 per month. The payment of the award under the Final Divorce Decree would give her enough funds to support herself and her daughter while she seeks employment.

The benefit of discharge to the Defendant does not outweigh the resulting detrimental consequences to the Plaintiff.

### *Conclusion*

Judgment shall be entered in favor of the Plaintiff. The $5,501.00 debt owed by the Defendant to the Plaintiff arising from a provision in their Final Divorce Decree shall be held non-dischargeable.

Upon entry of this Memorandum the Clerk shall forward copies to David D. Embrey, Esq., counsel for the plaintiff, and to the defendant.

Entered on this 16th day of November, 2005.

William E. Anderson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re TYRONE BEN JONES, ) | Case No. 05-60552 |
| ) | Chapter 7 |
| Debtor, ) | |
| ) | |
| ) | |
| ANN MARIE EDMONDS, ) | Adv. No. 05-06030A |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TYRONE BEN JONES ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ) | |

## JUDGMENT

For the reasons stated in the accompanying memorandum, it is ORDERED, ADJUDGED and DECREED that the $5,501.00 debt owed by the Defendant to the Plaintiff arising from the provision in their Final Divorce Decree is non-dischargeable and shall not be discharged by the discharge order, if any, entered in Case no. 05-60552.

Upon entry of this Judgment the Clerk shall forward copies to David D. Embrey, Esq., counsel for the plaintiff, and to the defendant.

Entered on this 16th day of November, 2005.

William E. Anderson
United States Bankruptcy Judge